# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

MANUEL MEDINA and JAVIER MEDINA,

    Plaintiffs,

v.

MING'S DYNASTY, INC.,
MING'S DYNASTY II, INC.,
ZHUO & CHEN CORP., and
ZHUO YONJ

    Defendants.

## COMPLAINT FOR UNPAID OVERTIME WAGES

Plaintiffs file this Complaint for Unpaid Overtime Wages against the above-listed Defendants.

## STATEMENT OF THE CASE

1. Defendants employed Plaintiffs as cooks in their Chinese restaurant.

2. Plaintiffs worked more than 60 hours each week for Defendants.

3. Defendants refused to pay Plaintiffs overtime wages for those hours they worked beyond 40 each week.

4. Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* and the Colorado Minimum Wages of Workers Act (the "CMWWA"), Colo. Rev. Stat. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7 C.C.R. 1103-1(4).

5. Defendants violated the FLSA and the CMWWA because those Acts require

employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond 40 each workweek.

6. Plaintiffs are entitled to their overtime wages, liquidated damages, and attorney fees and costs. 29 U.S.C. § 216; Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

## PARTIES, JURISDICTION, AND VENUE

7. Plaintiff Manuel Medina was employed by Defendants as a cook from approximately February, 2014 through approximately April, 2017. Plaintiff Manuel Medina's signed FLSA Consent to Sue Form is attached to this Complaint as part of Exhibit 1.

8. Plaintiff Javier Medina was employed by Defendants as a cook from approximately July, 2013 through approximately April, 2017. Plaintiff Javier Medina's signed FLSA Consent to Sue Form is attached to this Complaint as part of Exhibit 1.

9. Defendant Ming's Dynasty, Inc. is a registered Colorado corporation doing business at 4251 E. Mississippi Ave., Denver, Colorado 80246.

10. Defendant Ming's Dynasty II, Inc. is a registered Colorado corporation doing business at 4251 E. Mississippi Ave., Denver, Colorado 80246.

11. Defendant Zhuo & Chen Corp. is a registered Colorado corporation doing business at 4251 E. Mississippi Ave., Denver, Colorado 80246.

12. Defendant Zhuo Yonj is an owner and operator of the Ming's Dynasty restaurant.

13. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action is brought pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

14. Plaintiffs request that this Court exercise supplemental jurisdiction over their claims under the CMWWA pursuant to 28 U.S.C. § 1367.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiffs' claims occurred in the District of Colorado.

## **FACTUAL ALLEGATIONS**

16. Plaintiffs were employed as cooks in Defendants' Ming's Dynasty restaurant located at Colorado Boulevard and Mississippi Avenue in Denver, Colorado.

17. Plaintiffs regularly worked more than 40 hours per week preparing food for Defendants' clientele. For example, each week during his employment, Plaintiff Manuel Medina worked Mondays, Wednesdays and Thursdays from approximately 10:00AM until approximately 10:00PM, Fridays from approximately 10:00AM until approximately 10:30PM, Saturdays from approximately 3:00PM until approximately 10:30PM, and Sundays from approximately 11:00AM until approximately 10:00PM. Similarly, during his employment, Plaintiff Javier Medina worked Mondays, Tuesdays, Wednesdays and Thursdays from approximately 10:00AM until approximately 10:00PM, Fridays from approximately 10:00AM until approximately 10:30PM, and Saturdays from approximately 3:00PM until approximately 10:30PM.

18. Rather than pay Plaintiffs overtime premiums for each hour worked beyond 40 each work week, Defendants paid Plaintiffs via salary with no overtime premium payments, or on an hourly basis, with no overtime premium payments.

3

19. Defendants paid Plaintiff Manuel Medina his wages in cash, and paid Plaintiff Javier Medina with payroll checks and cash.

20. Plaintiffs were not exempt from the protections of the FLSA or the CMWWA because Plaintiffs did not supervise the work of two or more full-time employees, did not have the authority to hire or fire employees and could not and did not effectively recommend hiring or firing employees. Plaintiff Javier Medina supervised the restaurant's sole dishwasher on occasion and washed dishes when that dishwasher was not working. On occasion, Plaintiff Javier Medina helped Defendants by translating for prospective employees.

21. Defendants' violations of the FLSA were willful.

22. Defendants enjoyed more than $500,000.00 in annual revenues in each year relevant to this action, and employed more than two persons who handled goods, such as foodstuffs and cleaning materials, which moved in interstate commerce.

23. Defendant Zhuo Yonj exercised day-to-day operational and overall financial control over the Ming's Dynasty enterprise. Defendant Zhuo Yonj hired and fired his employees. For example, Defendant Zhuo Yonj hired Plaintiffs Manuel Medina and Javier Medina and fired Plaintiff Manuel Medina. Defendant Zhuo Yonj set his employees' pay rates and work schedules, made the decision not to pay his employees overtime premiums, and made the decision to pay his employees in cash and "off the books."

# FIRST CLAIM
## Violation of the FLSA (29 U.S.C. § 201 *et seq.*)
### Non-Payment of Overtime Premiums

24. Plaintiffs repeat and reallege each of the allegations above as if fully set forth herein.

25. Defendants employed Plaintiffs in an enterprise engaged in commerce or in the production of goods for commerce as that term is defined by the FLSA because Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including Plaintiffs, who handled materials which moved in interstate commerce during each year relevant to this action. 29 U.S.C. § 203(s)(1).

26. Plaintiffs were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

27. Defendants "employed" Plaintiffs as that term is defined by the FLSA. 29 U.S.C. § 203(g).

28. Defendants were Plaintiffs' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

29. Defendants violated the FLSA when they refused to pay Plaintiffs overtime wages for hours worked beyond 40 in each given workweek. 29 U.S.C. § 207.

30. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

31. Plaintiffs suffered lost overtime wages and lost use of those wages in an amount to be determined at trial.

32. Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, and attorney fees and costs. 29 U.S.C. § 216(b).

## SECOND CLAIM – Failure to Pay Overtime Premiums
## Violation of the CMWWA (Colo. Rev. Stat. §§ 8-6-101, *et seq.*) as implemented by the MWO (7 CCR 1103-1)

33. Plaintiffs repeat and re-allege each of the above allegations as if fully set forth herein.

34. The corporate Defendants were Plaintiffs' "employers" as that term is defined by the MWO because they employed Plaintiffs in Colorado. 7 C.C.R. 1103-1(2).

35. Plaintiffs were the corporate Defendants' "employees" as that term is defined by the MWO because they performed labor for the benefit of these Defendants in which these Defendants commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

36. The corporate Defendants employed Plaintiffs in a business or enterprise that prepares and offers for sale food and beverages for consumption either on or off premises. 7 C.C.R. 1103-1(2)(C).

37. The corporate Defendants violated the CMWWA, as implemented by the MWO, when they failed to pay Plaintiffs overtime premiums for hours worked over 40 in each given workweek. 7 CCR 1103-1(4).

38. As a result, Plaintiffs have suffered lost wages and lost use of those wages in an amount to be determined at trial.

39. Plaintiffs are entitled to recover in a civil action wages owed to them, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 C.C.R. 1103-1(18).

**WHEREFORE**, Plaintiffs pray that:

As to their FIRST CLAIM brought under the FLSA, Plaintiffs respectfully request an Order from the Court that:

a. Plaintiffs be awarded unpaid overtime premiums;

b. Plaintiffs be awarded liquidated damages as required by law;

c. Plaintiffs be awarded pre-judgment and post-judgment interest as permitted by law;

d. Plaintiffs be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

e. Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

As to their SECOND CLAIM brought under the CMWWA as implemented by the MWO, Plaintiffs respectfully request an Order from the Court that:

a. Plaintiffs be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

b. Plaintiffs be awarded pre-judgment and post-judgment interest as permitted by law; and

c. Plaintiffs be awarded such other and further relief as may be necessary and appropriate.

*S/ Brandt Milstein*
Brandt Milstein
Milstein Law Office
595 Canyon Boulevard
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com

*Attorney for Plaintiffs*